IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregorio Caraballo, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-cv-03785-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Golden Brown & Delicious, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Pro se* Plaintiff Gregorio Caraballo initiated this action against his former employer, Defendant Golden Brown & Delicious, in the Greenville County Court of Common Pleas, alleging he was harassed and wrongfully terminated in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. (ECF No. 1-1 at 4). Defendant removed the case to federal court. (ECF No. 1). Subsequently, this matter was referred to a magistrate judge for pretrial handling pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B). Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which informed Plaintiff of the procedures regarding motions to dismiss and warned Plaintiff that if he failed to adequately respond to Defendant's motion, his case may be dismissed. (ECF No. 11). Plaintiff filed a response to the motion, (ECF No. 14), and Defendant filed a reply, (ECF No. 16). Plaintiff filed a sur-reply. (ECF No. 20). Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the court grant the motion to dismiss. (ECF No. 31). Plaintiff was notified of his right to file objections to the Report, *id.* at 10, and

Plaintiff ultimately filed objections after having received an extension of time in which to file, (ECF No. 39). For the reasons set forth below, the court adopts the Report, (ECF No. 31), grants Defendant's motion (ECF No. 10), and dismisses this case.

## BACKGROUND

In his complaint, Plaintiff, a Hispanic male, asserts a cause of action for "race/color/nationality discrimination" in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.[1] (ECF No. 1-1). Plaintiff provides he was employed with Defendant for five years. *Id*. at 3, ¶2. During that time, he prepped meals and washed dishes. *Id*. He claims "[e]verything went downhill" when Jen Anderson, the chef, "decided to dictate the pace and set [him] up in an act." *Id*. He also provides that "Alex," the owner, is "a terrible communicator" and wanted Plaintiff to work every Saturday which Plaintiff had not agreed to do. *Id*.

Though he does not go into any specifics, Plaintiff contends Anderson "treated [him] different and more harshly than the white employees and other ethnic minorities." (ECF No. 1-1 at 3, ¶2). He also alleges Anderson "would degrade [him] and think less of [him] and thus made the environment so hostile that [he] was out of work for nearly two weeks due to her treatment of [him]." *Id*. When he returned to work to collect his paycheck, Anderson terminated him, and the two engaged in an argument that included the use of profanity. *Id*. at 3-4, ¶2. Alex was on the phone with Anderson at the time and told Plaintiff "to get out." *Id*. at 4, ¶2. Plaintiff provides "Defendant threatened [him] not to return to the premises (The Commons has other commercial establishments) or they would call the police, clearly believing that . . . [he is] dangerous and aggressive." *Id*. Plaintiff later returned to the area on one occasion, and, when Defendant saw

---

[1] According to the complaint, Plaintiff filed this action within ninety (90) days from the date he received the EEOC's Notice of Right to Sue. (ECF No. 1-1 at 4, ¶3).

him, they told him they were calling the police. *Id*. Plaintiff left immediately. *Id*. Plaintiff summarily states he believes he "was harassed and terminated because [he is] Hispanic and [due to] the color of [his] skin." *Id*.

Under his one cause of action, Plaintiff argues (1) he was qualified for the position he held and performed his job satisfactorily; (2) he was terminated because of his race, color of his skin, and nationality; (3) such discrimination was intentional and willful; and (4) he suffered loss of income, humiliation, loss of reputation, and other special and general damages due to the discrimination. (ECF No. 1-1 at 4, ¶¶5-8).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").

Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id.* Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at

193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'")).

## DISCUSSION

In relevant part, 42 U.S.C. § 1981 states: "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property

as is enjoyed by white citizens." Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, ***because of*** such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2 (emphasis added). It is this provision that provides the basis for Plaintiff's Title VII discrimination claims. Thus, to prevail at this stage, Plaintiff must sufficiently allege that the action(s) at issue were taken ***because of*** his race, color, or national origin.

In his Report, the magistrate judge correctly noted that to establish a prima facie case of discrimination under Title VII, Plaintiff must show: "(1) membership in a protected class; (2) satisfactory work performance; (3) [an] adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). *See Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133, n.7 (4th Cir. 2002) (recognizing "[t]he required elements of a prima facie case of employment discrimination are the same under Title VII and Section 1981"). Furthermore, the magistrate judge correctly indicated that Plaintiff does not need to plead facts sufficient to establish a prima facie case of discrimination to survive a motion to dismiss, but he is "nonetheless 'required to allege facts to satisfy the elements of a cause of action created by [the relevant] statute' in compliance with *Iqbal*." *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (quoting *McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015)). *See Halloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022) (recognizing that "to state a claim for unlawful termination, a Title VII plaintiff must allege facts sufficient to raise a plausible inference that his employer discharged him because of his race"). Thus, at the motion to dismiss stage, the question "is whether [the

plaintiff] alleges facts that plausibly state a violation of Title VII 'above a speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020).

In his complaint, Plaintiff alleges Anderson "treated me different and more harshly than the white employees and other ethnic minorities. She would degrade me and think less of me and thus made the environment so hostile that I was out of work for nearly two weeks due to her treatment of me." (ECF No. 1-1 at 3, ¶2). However, as the magistrate judge correctly recognized, Plaintiff did not allege "any facts about how [Anderson] allegedly degraded him and how such conduct differed from her treatment of non-Hispanic employees." (ECF No. 31 at 6). There are simply no facts connecting Anderson's treatment of Plaintiff and Plaintiff's subsequent termination to Plaintiff's race, color, or national origin.

Plaintiff also summarily contends he: (1) was qualified for the position he held and performed his job satisfactorily; (2) was terminated because of his race, color of his skin, and nationality; and (3) such discrimination was intentional and willful. (ECF No. 1-1 at 4, ¶¶5-7). However, as discussed, a complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Thus, the undersigned agrees with the magistrate judge that "the complaint fails to 'raise a right to relief above the speculative level' and fails to state a claim" under Title VII or 42 U.S.C. § 1981 that is plausible on its face. (ECF No. 31 at 6) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff filed his objections to the Report on November 30, 2023, wherein he states that "all well-pleaded factual allegations are assumed to be true and are viewed in the light most

favorable to the Plaintiff"[2] at the motion to dismiss stage. (ECF No. 39 at 5). The court does not dispute that it must accept as true Plaintiff's factual allegations at this stage. Still, Plaintiff fails to explain how the alleged facts, even accepted as true, state a claim that is plausible on its face. He also fails to raise any new allegations in his response to the Report that would state a plausible claim of discrimination under either Title VII or § 1981.

While Plaintiff's objections provided more factual information regarding his work environment, none of the information provided alleges any causal relationship between Plaintiff's treatment at work or his termination with his race, national origin, or color. For example, Plaintiff claims that Anderson retaliated against him for coming in early, which "messed up her paycheck." (ECF No. 39 at 3). He also claims she acted like a "xenophobe" towards him in having her family refer to him as "her dishwasher" and in once telling him "I don't want to be afraid of you." *Id*. at 6. Plaintiff further explained how he asked to be off by writing dates on a wall in the kitchen but was then "unjustly terminated" for not "show[ing] up." *Id.* at 2. Additionally, he claims that he was unable to work out his issues with Alex, because Alex failed to call or text him back – both during the course of Plaintiff's employment and in Plaintiff's attempts to settle this case. *Id*. at 3, 6, 7, 10. Plaintiff further provides explanation for reasons his coworkers and/or managers had disagreements with him previously, including Plaintiff being too "loud in the dish pit[,]" missing work without calling, arguing with coworkers, and not giving the restaurant "five star reviews."

---

[2] Plaintiff also relies on the portion of the United States Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a motion to dismiss should not be granted under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the USSC in *Twombly* held that this "phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007). Accordingly, when evaluating this case, the court will apply the standard of review articulated herein.

*Id*. at 6-10. In support of his factual allegations, Plaintiff attached several photographs of what appear to be the kitchen and the wall of Defendant's restaurant on which he contends he wrote his requests for days off work. (ECF No. 39-1 at 1-11). However, nothing in the objections provides a causal explanation or association for Plaintiff's alleged treatment at work or his termination with his race, national origin, or color. Accordingly, nothing in the objections addresses the deficiencies in the complaint as noted by the magistrate judge, much less provides any reason to deviate from the magistrate judge's sound analysis thereof.

While the undersigned acknowledges that he must review only the facts set forth and incorporated in the complaint in deciding a motion to dismiss, even if the court were to allow Plaintiff the right to amend his complaint to include the allegations set forth in his response to the motion to dismiss and his objections to the magistrate judge's Report, the outcome of the motion to dismiss would be the same.[3]

## CONCLUSION

For the reasons articulated herein, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 31). Therefore, the motion to dismiss (ECF No. 10) is **GRANTED**, and this case is **DISMISSED**.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2024

### NOTICE OF RIGHT TO APPEAL

---

[3] The court further notes that Plaintiff has not filed any motion or made any request to amend his complaint.

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.